**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:09CV-664-H**

**MAURICE CUTTINO**                                                                                                   **PLAINTIFF**

**v.**

**UNITED STATES OF AMERICA** *et al.*                                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This *pro se* action was brought by Plaintiff Maurice Cuttino.[1] Plaintiff also filed an application to proceed without prepayment of fees. **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 2) is **GRANTED**. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the instant action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff used a court-supplied general complaint form to initiate this lawsuit. The portion of the complaint where Plaintiffs are to be identified lists Maurice Cuttino and also states "family that Reside within the United States of America. Addresses United States of America. I will Be Recieving All Documents through Court System." The portion of the complaint where Defendants are to be identified lists the United States of America, Federal Bureau of

---

[1] While the complaint lists Cuttino's "family" as Plaintiffs, none of Cuttino's family members signed the complaint. Cuttino does not have standing to assert any claim on behalf of his family members. *See, e.g., Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). Thus, the only proper Plaintiff in this action is Cuttino. The Court declines to consider any claims that Cuttino may be attempting to assert on behalf of his "family."

Investigation, Federal Bureau of Prisons, United States Air Force, United States Marshals Service, and United States Department of Defense.

In the section requesting Plaintiff to state the specific facts of his case, Plaintiff states as follows:

> Medical malpractice from 2003 till todate 8-27-09 from Hospitals from Syracuse NY St. Tophe Cook County Hospital Chicago Ill Northwestern Hospital Chicago Ill which is Believed that the Federal Bureau of Investigation Confused Said Doctors or may themselves impersinated those Individuals to show Cause not to treat me properly which in turn tried to Cover up my Dieases which had spread through my Body to my Brain also 2004 . . . Galveston Hospital for . . . Removing me from there Hospital when I asked for help. Security told me I had to Leave Because the nurses and Doctors felt that there wasn't anything wrong. the United States armed Services following me from space satalite During these Conditions the FBI and other Sources Conspired in the Events mentioned – I have documents that Insist that the United States knew aBout the Cure of the Body System and that I may have been aBle to Save my own Self from Dying – that I was used as a weapon in many ways. Documents from United States Marshal Services and probate Services on who I was . . . Change in these Events in Relation to who I am these Documents were used to develope information through verious Citys and places.
>
> I was moved to Locations where they Could Benefit from using me. From prisons to this place that I reside in at this time. My Medical Condition was Serious yet I was given no help but pain and Sufferings throug the Last 5 to 6 years.
>
> also I may by going through these Events may have Created a Device which Could be used in Space. From prison I was able to Draw a Device Called Eight that the united State would have to know about. this Device is a Nuclear Device. thats why I know that these Individuals that i've mentioned are In Fact Involved. also Since being in Louisville I've been approached By a man with a gun who Shot one Shot toward me in the air as I was asking for directions yet has never been questioned. I've been approached by
>
> two Different Men with Cutting Devices also whom have never Even been questioned By Informants Etc. [illegible]

> My families will not Be Mentione in Explaining why I believe the Conspiracy Was Developed. yet I'm aware of your position as judge.

## II. ANALYSIS

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)). The federal courts liberally construe the pleadings of *pro se* parties in order to guarantee that those who are without the resources to hire a licensed attorney have a fair opportunity to state their case. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, the courts are not obligated to entertain claims which appear to be delusional. *See Prewitt v. United States Postal Serv.*, 754 F.2d 641, 641 (5th Cir. 1985) ("[W]e stand at the gate of the realms of fantasy. We decline to enter in."). "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

The Court has carefully reviewed Plaintiff's complaint and concludes that it must be dismissed. While Plaintiff's beliefs may be sincere, the allegations are implausible. These

claims are legally frivolous as they lack an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325; *see also Denton*, 504 U.S. at 32. Pursuant to 28 U.S.C. § 1915(e), "frivolousness is a decision entrusted to the discretion of the court entertaining the *in forma pauperis* petition." *Denton*, 504 U.S. at 33. Plaintiff's allegations against the Defendant federal agencies, including that they committed medical malpractice, impersonated doctors, attempted to cover up his disease, followed him through space satellites, and allowed him to create a nuclear device while in prison, do not warrant further factual development by this Court. *See Knight v. Foxworth,* No. 6:07cv70, 2007 U.S. Dist. LEXIS 61727 (E.D. Tex. Aug. 22, 2007) ("In this case, it is apparent that Knight's claims of monitoring by unseen enemies via computer, through the plumbing and air vent in his cell, are irrational and wholly incredible."); *Selevan v. United States Dep't of Def.*, No. 06-CV-0574A, 2006 U.S. Dist. LEXIS 72759 (W.D.N.Y. Oct. 4, 2006) (dismissing case as frivolous where the plaintiff sued the federal government and local electric company for allowing the government to use plaintiff and others as a "test for radiation"). This Court is not the forum that can provide Plaintiff with the type of assistance he needs. Accordingly, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous.

      The Court will enter an Order consistent with this Memorandum Opinion and Order.

Date:

cc:      Plaintiff Cuttino, *pro se*
4412.010